## Randall O. WALKER

v.

## Gale S. NEWGENT and General Motors Corporation and Adam Opel AG.

### Civ. A. No. 73–H–469.

United States District Court,
S. D. Texas,
Houston Division.

Dec. 6, 1977.

Richard W. Mithoff, Jr., Jamail & Gano, Houston, Tex., for plaintiff.

B. Jeff Crane, Jr., John T. Golden, Vinson & Elkins, Houston, Tex., for defendants.

*Memorandum and Order:*

SINGLETON, District Judge.

Plaintiff Randall O. Walker has brought this suit for damages arising out of injuries he suffered in an automobile accident in 1970. Mr. Walker was a passenger in a 1963 Opel Rekord automobile owned and operated by Gale S. Newgent, when the car was involved in a head-on collision in Giessen, Germany. Mr. Walker has alleged that the car was defectively manufactured and unsafe and that such defects were the proximate cause of his injuries. The car was manufactured in Germany by Adam Opel AG, a German corporation and wholly-owned subsidiary of General Motors Corporation. Mr. Newgent purchased the car secondhand in Germany. Adam Opel AG has challenged the in personam jurisdiction of this court and moved for dismissal of the suit against it.

Process was served through a single citation in April, 1973, on General Motors Corporation and its subsidiary, Adam Opel AG, through General Motor's agent for service of process, C. T. Corporation Systems in Dallas, Texas. Attorneys for General Motors filed an answer purportedly on behalf of General Motors and Adam Opel AG. Following discovery, these same attorneys filed a motion to withdraw the answer filed for Opel on the basis that Opel was a separate corporate entity organized under German law having no agent for service in Texas and that the answer filed on its behalf was without its authorization or knowledge. On August 12, 1974, this court ordered that separate citation be issued and served on Adam Opel AG. Consideration of Opel's motions to withdraw its answer and its motion to dismiss the action for lack of in personam jurisdiction was deferred to allow for further discovery of the facts relating to personal jurisdiction. That discovery has now been completed.

■ The threshold issue to be considered by this court is whether Adam Opel AG has waived its jurisdictional defense through the answer filed on its behalf in June, 1973, by the attorneys for General Motors. The affidavit of R. Pinnekamp, an attorney in the legal department of Adam Opel AG, states that Adam Opel AG had no knowledge of this lawsuit until more than a year after the answer was filed. Mr. Pinnekamp further stated that any appearance in this lawsuit was without Adam Opel's knowledge or authorization. The affidavit of Jeff Crane, the attorney who filed the answer on behalf of General Motors Corporation and its subsidiary, Adam Opel AG, stated he did so on the instructions of General Motors' insurer and without authorization from Adam Opel AG and prior to discovering that Adam Opel AG was a separate corporation. In recognition of Opel's answer being unauthorized by it, this court ordered separate citation be issued as noted above. Subsequent discovery has revealed evidence which supports a finding that Adam Opel AG is indeed a separate corporate entity as discussed infra. This court finds that Adam Opel AG's June, 1973, answer did not operate as a waiver to its jurisdictional defense since that answer was without knowledge or consent of Opel.

■ The burden is on the plaintiff, Mr. Walker, to establish the existence of in personam jurisdiction over Adam Opel AG. *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483 (5th Cir. 1974). In response to this court's August 12, 1977, order, Mr. Walker served (1) C. T. Corporation, General Motors' agent for service of process, (2) Mr. T. M. Wetzel, secretary-treasurer of a local Buick dealer, and (3) Mrs. A. R. Varela, secretary to the zone service manager of the Buick Motor Division of General Motors, in addition to (4) the Secretary of State of Texas, pursuant to Tex.Rev.Civ. Stat.Ann. art. 2031b. In each case Opel moved to vacate and set aside service of process. In support of such motions, affidavits were filed from the first three entities listed above, stating that the persons served were not authorized to receive service for Opel. Thus the question must be resolved in light of the Texas long arm statute and the ample case law as applied to the facts presented through discovery by both parties.

. Personal jurisdiction over a foreign corporation must comport with the requirements of due process in that

> (1) the nonresident defendant must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice . . . .

*International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The evidence presented by both parties in depositions and affidavits established that Adam Opel AG is a German corporation which manufactures automobiles for domestic sale and for export. It is a wholly-owned subsidiary of General Motors Corporation which undisputedly does business in this state. Adam Opel AG, however, has no

assets, offices, agents, or employees in Texas. All Opel automobiles sold to the Buick Motor Division of General Motors during the time in question were sold by Opel to Buick f. o. b. Germany. Buick then advertised, sold, and serviced these cars throughout the United States, including Texas.

Significantly, the particular automobile involved in this case was a 1964 Opel Rekord, a model which was never manufactured for export and was sold only domestically. This particular model was never sold to or purchased by Buick. It was placed in commerce directly by Opel into its domestic market.

Notwithstanding all of the above, personal jurisdiction can still be found to exist over Adam Opel AG if the relationship between the parent corporation, General Motors, which does business in the state of Texas, and the subsidiary German corporation, Adam Opel AG, is one which would allow the court to find that the doing of business of the parent corporation can be imputed to the subsidiary so that Texas can acquire in personam jurisdiction over the German corporation. *Reul v. Sahara Hotel,* 372 F.Supp. 995 (S.D.Tex.1974). Plaintiffs in *Reul* alleged that one defendant, a California subsidiary of the defendant parent company, did business in Texas through its parent corporation which was licensed to do business in Texas. Service of process over this subsidiary was achieved under the Texas long arm statute as in the instant case. The California corporation neither sold nor solicited any sales in Texas; it did not receive income from sales in Texas; it did not have a license to do business or own any property in Texas. The question in *Reul* of whether or not in personam jurisdiction was proper against this subsidiary turned on the nature of its relationship with the parent corporation, which assuredly did business in Texas. The question in the instant case is the same. However, the widely differing fact pattern calls for a different conclusion.

The facts presented to the court in *Reul* led to the conclusion "that there is present here more than that amount of control of one corporation over another which mere common ownership and directorship would indicate." *Reul,* at 998. The evidence presented in that case showed the close interrelationship of the various corporations with the parent company. Salesmen's assignments and commission payments emanated from the owners of the parent corporation; the parent and subsidiary shared common officers; the senior vice president and director of the parent company was also the manager of the Western Division, which included the California subsidiary. The court found that while on paper the corporations looked like separate entities, "they are for all *operational* purposes one big, albeit well organized, corporation . . . ." *Reul,* at 1000 (emphasis in original). All the business was conducted out of New York, the home office of the parent corporation; all of the corporations owned by the parent were covered under one insurance policy; employees were hired by the parent corporation for its benefit and for the benefit of the other corporations. In addition, they advertised under one slogan and trademark.

The instant case is distinguishable from *Reul, supra.* The evidence in this case reveals that Adam Opel AG is not controlled by General Motors. They do not have the same corporate offices or the same registered agent, nor are there any mutual officers or directors. There are no facts to support a prima facie case of actual control. The only significant factor relating to this issue is that General Motors owns 100 percent of Adam Opel AG's stock. According to the deposition of Mr. William F. Shea, Director, Marketing Staff Operations of General Motors Overseas Division, General Motors Buick Division and Adam Opel had a pure manufacturer-customer relationship. The record reveals that Opel had its own engineering and design staff and its own sources of supply for component parts. From 1964 to 1975, Buick purchased no more than 11 percent of Opel's total automobile production in any one year.

Mr. William M. Veselick, a zone manager for Buick Motor Division, testified in his deposition that suggestions made for design

changes and communicated through channels to Adam Opel were not followed by Opel. Furthermore, Mr. Lloyd D. Loggins, another Buick zone manager, testified on deposition that Adam Opel did not seek the advice of General Motors' Buick Division about changes in the Opel cars.

The Texas Supreme Court has recently stated that "where management and operations are assimilated to the extent that the subsidiary is simply a name or conduit through which the parent conducts its business, the corporate fiction may be disregarded to prevent fraud or injustice." *Gentry v. Credit Plan Corp.*, 528 S.W.2d 571 (Tex.1975). That court further stated that

> [a] subsidiary corporation will not be regarded as the alter ego of its parent because of stock ownership, a duplication of some or all of the directors or officers, or an exercise of control that stock ownership gives to stockholders.

*Gentry,* at 573.

In summary, this court finds that Adam Opel AG has not waived its jurisdictional defense by an answer filed on its behalf without its knowledge or consent; that Adam Opel AG was not doing business in the state of Texas during the time in question; that the act complained of did not arise out of any business done by Adam Opel AG in the state of Texas; that the degree of ownership and control by General Motors over Adam Opel AG does not rise to the level necessary to impute the business done in Texas by General Motors to its subsidiary Adam Opel AG; and that in personam jurisdiction does not lie as to Adam Opel AG in this lawsuit.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that defendant Adam Opel AG's motion to vacate, set aside service of process, and dismiss for want of jurisdiction be, and hereby is, GRANTED.